## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

HENRY J. DULAURENCE, III
190 Bridge Street, #5308
Salem, Massachusetts 01970

Plaintiff

v.

MASSACHUSETTS DISTRICT COURT JUDGE DOUGLAS
P. WOODLOCK, individually and in his official capacity, U. S.
DISTRICT COURT for the DISTRICT of MASSACHUSETTS,
Federal Courthouse, 1 Courthouse Way, Boston, Massachusetts  02210

Defendant

CIVIL RIGHTS COMPLAINT-42 U.S.C. § 1983;
28 U.S.C. § 455; 28 U.S.C. § 1331; 18 U.S.C. § 242;
18 U.S.C. § 371; 18 U.S.C. §§ 1503, 1505;
Restatement (Second) of Torts § 682 (1977); Article
III, Sec. 2, and Article I, Sec. 9, Clause 8 of the
United States Constitution, and the Bill of Rights, with
*Bivens v. Six Unknown Named Agents*, 403 U.S. 388
(1971) Constitutional tort claim; Ninth Amendment to
the United States Constitution.

Civil Docket No. _____

The plaintiff is *pro se*
(978) 740-0098

**VERIFIED COMPLAINT**

### COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising
out of the same transaction or occurrence as alleged in this
Complaint pending in this Court, nor has any such federal
action been previously filed between these parties.

NOW COMES Plaintiff, *pro se,* and for his Complaint against Judge Douglas P.
Woodlock, hereby states as follows:

1.

# TABLE OF CONTENTS

*Page*

COMPLAINT AND JURY DEMAND ........................ 1.

JURISDICTION AND VENUE ............................... 2.

PARTIES and STATEMENT OF THE CASE ............... 3.

ABSOLUTE IMMUNITY DOES NOT APPLY TO THE
PERFORMANCE OR NON-PERFORMANCE OF
MINISTERIAL ACTS, NOR CAN IT BE CLAIMED
FOR CRIMINAL ACTS ...................................... 9.

   Federal Jurisdiction Was Mandated; The Defendant
Therefore Violated a Ministerial Duty, and is Therefore
Subject to This Action ......................................... 10.

   28 U.S.C. § 455(a) Is Mandated, So It Is a Ministerial
Function; It Also Evidences the Defendant's Perpetration
of Criminal Acts ................................................ 12.

   The Language Used in the Defendant's Order of
Dismissal Mandates Bias and Intentional Misconduct .... 13.

      • The defendant failed to provide
mandated jurisdiction for the plaintiff's Federal
civil rights claims, and ruled that because the
plaintiff attempted to bring these Federal claims
like 42 U.S.C. § 1983, the case should be sent back
to the state courts so he could be sanctioned: **"For
that exercise he faces state court sanctions"**. ...... 14.

      • The defendant attempted to intimidate
plaintiff from appealing his Order of Dismissal ...... 14.

      • The defendant reprimanded the plaintiff
on 2 separate occasions in his Order for alleging that
Massachusetts judges prevented him from procedural
due process pursuant to 42 U.S.C. § 1983 .............. 13 and 14.

   Criminal Acts Prevent Claiming Judicial Immunity ..... 15.

   Obstruction of Justice Allows For Impeachment ........ 16.

i.

Obstruction of Justice Denies the Defendant Immunity.  17.

   • No judge can waive a litigant's
Constitutional rights claims ...................................17.

"Judicial Misconduct" Denies the Defendant Immunity. 17.

The Defendant Is Subject To Having a Complaint Filed
Against Him Under the Judicial Conduct and Disability
Act For "Judicial Misconduct" ...............................19.

Article I, Sec. 9, Clause 8, "The Title of Nobility
Clause" of the U.S. Constitution, allows for this action ... 21.

The Defendant's Opinion, Exhibit B, Has Allowed for
Illegal *Ad Hominem* Attacks Against the Plaintiff .......... 21.

DuLaurence Can Maintain a Private Right of Action
Against Judge Woodlock Pursuant to *Bivens v. Six
Unknown Named Agents,* 403 U.S. 388 (1971) .............. 22.

The Ninth Amendment to the U. S. Constitution
Affords the Plaintiff Rights Against the Defendant ......... 23.

Plaintiff's claim for intentional infliction of emotional
distress ............................................................ 23

Plaintiff's claim for negligent infliction of emotional
distress ............................................................ 23.

Requests for damages ...................................... 24.

Pursuant to 28 U.S.C. §§ 351-364 (¶ 51), and U. S.
Supreme Court Justice Stephen Breyer's Report to the
Chief Justice (¶ 52), the plaintiff requests the defendant
be reported for "judicial misconduct". ........................ 24.

Plaintiff's jury claim ........................................ 24.

Statement of Verification .................................. 25.

## TABLE OF EXHIBITS

Exhibit A—Plaintiff's Federal Civil Rights Complaint and Jury Demand.

Exhibit B—Defendant's MEMORANDUM AND ORDER.

Exhibit C—Denial by the defendant of the plaintiff's 28 U.S.C. § 455(a) motion that he recuse himself.

Exhibit D—Appeals Court's denial to address the appeal of Exhibit C as being "moot", and upholding the defendant's adjudication as to the federal courts not having jurisdiction to hear Federal statute claims.

Exhibit E—Plaintiff/Appellant's Motion to Vacate Judgments Pursuant to Rule 60(b), and Title 28 U.S.C. § 455, and his motion for a rehearing.

Exhibit F—Appeals Court's responses to Exhibit E, denying the motions.

Exhibit G—Petition for a Writ of Certiorari based on the issues set out in Exhibits E and F, which was denied on April 16, 2018.

Exhibit H—Petition for Rehearing of Exhibit G, which was denied on June 11, 2018.

Exhibit I—Page 9 to the Massachusetts Appeals Court, showing that as a matter of United States Supreme Court law, Liberty Mutual was mandated liable to the plaintiff as a result of the jury verdict against the plaintiff's immediate supervisor.

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Ninth Amendment to the U. S. Constitution —Civil Action for Deprivation of Rights, for certain protections guaranteed to him "secured by the Constitution and laws", the Bill of Rights, and Due Process.

2. Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents,* 403 U. S. 388 (1971)—an implied private right of action for monetary damages against federal officials who have violated a plaintiff's Constitutional Rights, where no other remedy is provided; here, the remedy "though adequate in theory, was not available in practice". *Zinermon v. Burch,* 494 U.S. 113, 124-126 (1990); 42 U.S.C. § 1983.

3. Plaintiff brings this action under Title 18 U.S.C. §§ 242, 1503, and 1505— deprivation of rights "under color of law"—Restatement (Second) of Torts § 682.

4. Plaintiff brings this action under Title 18 U.S.C. § 371—"conspiracy".

5. Plaintiff brings this action under Article I, Sec. 9, Clause 8, U. S. Constitution.

6. Plaintiff brings this action under Title 28 U.S.C. § 455(a), failure to recuse.

7. This Court has jurisdiction pursuant to the following:

   a. Federal jurisdiction pursuant to Article III Sec. 2, which extends jurisdiction to cases arising under the U. S. Constitution and Bill of Rights;

   b. 28 U.S.C. Sec. 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

   c. 28 U.S.C. Sec. 1343 (3) and (4), which gives the district courts jurisdiction over actions to secure civil rights extended by the U. S. Government;

8. This Court has supplemental jurisdiction pursuant to Title 28 U.S.C. Sec. 1367.

2.

9.  Venue is appropriate in this judicial district under 28 U.S.C. Sec. 1391(b),

because the events that gave rise to this Complaint occurred in this district.

## PARTIES

10.  Plaintiff is a citizen of the United States and resides in the County of Essex,

State of Massachusetts, which is in this judicial district.

11. Defendant Douglas P. Woodlock is a justice of the U. S. District Court

for the District of Massachusetts, and sued in his official and personal capacity. As

such, he has the duty to insure that an individual's Constitutional rights are protected

in accordance with federal and state law, and has a duty to uphold the integrity of the

judicial system. He has as a ministerial duty, with no room for the exercise of

discretion, to execute his obligations which are required by direct and positive

command of the law.

## STATEMENT OF THE CASE

12.  On July 7, 1995, DuLaurence brought an employment action in Suffolk

Superior Court against the defendant Liberty Mutual Insurance Company (Liberty)

and seven other defendants, one being DuLaurence's immediate supervisor, Kenneth

Latronico; another being the senior Vice-president of Liberty's Human Resources,

Helen Sayles; and another being Senior Vice-president and Chief Legal Counsel,

Christopher C. Mansfield. (Docket No. SUCV 1995-03733).

13.  On September 1, 1995, DuLaurence filed an Amended Complaint and Jury

Demand, upon removal from the MCAD and EEOC, raising twelve claims: Count I-

discrimination for age, handicap, and retaliation, including violations of Mass. Gen.

3.

Laws c. 151B, sec. 4 and 4A; Count II-breach of employment contract terminable only for just cause; Count III-breach of contract for year-to-year employment; Count IV-breach of contract by violation of corrective action and policy and corporate code of ethics; Count V-wrongful termination; Count VI-negligent breach of contract term; Count VII-intentional infliction of emotional distress; Count VIII-defamation; Count IX-tortious interference with employment relationship-Count X-deceit; Count XI-negligent infliction of emotional distress; Count XII-retaliation for filing a workers compensation claim.

14.   Counts XIII and XIV were later added, asserting lack of good faith and fair dealing; and quantum meruit.

15.   Summary judgment was granted on all but Count IX, as to DuLaurence's immediate supervisor, Kenneth Latronico; John Allen, Latronico's supervisor; and Allen Whitestone, a supervisor from a different department.

16.   Summary judgment was improperly granted due to the improper Ethics and criminal conduct of Attorney Arthur Telegen and Liberty Mutual. Their conduct constituted "obstruction of the proper administration of law" as set out in 18 U.S.C. Sec. 1503, 18 U.S.C. Sec. 1505, and 18 U.S.C. Sec. 1512 (c)(2), and "larceny by trick". They failed to obey court orders, which is **"criminal contempt...outside the presence of the court"**. *Avelino-Wright v. Wright*, 51 Mass. App. Ct. 1, 5 (2002). They signed and filed pleadings misrepresenting fact and law, Rule 11(a) violations.

17. Summary judgment was also improperly granted due to the Telegen's and Liberty Mutual's violations of the Massachusetts Rules of Professional Conduct,

4.

deprivation of rights "secured by the Constitution and laws", and subject to redress pursuant to 42 U.S.C. Sec. 1983; and Rule 11.

18.   After more than two weeks of trial, with numerous unsuccessful defense motions that John Allen's case be dismissed, the trial judge granted his motion for a directed verdict; then later awarded him $5500 in costs for airfare, hotel expenses, meals, dry cleaning, and cab fares.

19.   The jury returned special verdicts for the remaining defendants, but found that DuLaurence's Immediate Supervisor Latronico's conduct in terminating DuLaurence to have been "improper in either motive or means", and "Latronico's purpose (was for) the legitimate corporate interest of Liberty Mutual".

20.   A timely Rule 59(e) Motion to Amend Judgment and for Partial Reconsideration of Grant of Summary Judgment as to Liberty Mutual Insurance Company was denied by the trial court, and upheld by the Appeals Court (Panel one). The Appeals Court failed to address "immediate supervisor" law mandated in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998); and *Crawford v. Metropolitan Government of Nashville And Davidson County, Tennessee*, 129 S. Ct. 846, 72 L. Ed. 650 (2009). The Appeals Court (panel one) ruled:

> The plaintiff cites no authority that a finding of malice on the part of **an employee** (not direct supervisor) is binding on the part of an employer, particularly where, **as the jury found, Latronico was acting in Liberty Mutual's corporate interests.** (Emphasis added.)

Due Process was violated when DuLaurence was denied the jury verdict awarded

him. The defendant in his Order of Dismissal refusing to grant "jurisdiction" sided with that ruling (Exhibit B, pg. 3.), although case law mandated liability. (Exhibit I.)

21. DuLaurence filed appeals to the Appeals Court which were denied on July 15, 2009.

22. A Petition for Writ of Certiorari to the United States Supreme Court and reconsideration were denied June 14, 2010.

23. A verified Complaint was filed on July 14, 2010, against Arthur G. Telegen, and Liberty Mutual Insurance Company. A verified Amended Complaint and Jury Claim was filed on August 12, 2010, alleging seven causes of action, including "fraud upon the court", Rule 60(b)(6). "Fraud upon the court is fraud which is directed to the judicial machinery itself." *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985).

24. Service was returned for Liberty on August 31, 2010.

25. Telegen had not filed any response to the Amended Complaint, so on September 24, 2010, DuLaurence filed a motion that Telegen be defaulted.

26. On October 15, DuLaurence filed for a default judgment against Liberty Mutual, as it had not filed any response.

27. On October 15, 2010, the defendants filed a 12(b)(6) Motion to Dismiss.

28. On November 2, 2010, "more than 60 days of the service of the complaint", the defendants filed an anti-Slapp motion to dismiss—Mass. Gen. L. Ch. 231, sec. 59H.

29. November 5, 2010, the court allowed Liberty's motion to remove the default.

30. On January 3, 2011, the Trial Court allowed the defendants' anti-Slapp motion

as "the defendants' memoranda were detailed and complete", and "given the need for the Court to use its limited time and resources timely and economically, this court will not elaborate further"; and the Rule 12(b)(6) motion, secondarily to the allowance of anti-Slapp, and entered judgment for the defendant without costs.

31.   On May 3, 2011, judgment for the defendants was entered for anti-Slapp costs and attorneys' fees for $29, 858.82, upon defendants' motion.

32.   That improper adjudication was followed with another petition for a writ of certiorari, which was denied, as was the petition for rehearing, that alone costing the plaintiff in excess of $15,000, which he had borrowed.

33.   The plaintiff then filed a Verified Civil Rights Complaint and Jury Demand in the Federal District Court, set out here as attached "Exhibit A".

34.   The defendant, Judge Woodlock, failed to acknowledge the fact that the plaintiff had alleged Federal statute Civil Rights violations and denied "jurisdiction". He applied *Rooker-Feldman,* and "full faith and credit", instead of Title 42 U.S.C. § 1983, a Federal statute set out to address the failure of a state court to afford "procedural Due Process". See *Zinermon v. Burch*, 494 U.S. 113 (1990). This is stated in the defendant's dismissal of the plaintiff's Civil Rights claims, "Exhibit B", somehow reasoning that 'federal courts do not have jurisdiction to adjudicate Federal statute claims'.

35.   As a result of language and other passages set out in Exhibit B, the plaintiff filed a motion with the defendant that he recuse himself pursuant to 28 U.S.C. § 455, which he denied on August 10, 2015. "Exhibit C."

7.

36.   The plaintiff then filed an appeal of that 28 U.S.C. § 455 denial, which after several months, was denied, not on the merits, but as "moot", based on the Court's ruling upholding the defendant's ruling that Federal Courts do not have "jurisdiction" to hear claims brought under Federal statute 42 U.S.C. § 1983. "Exhibit D."

37.   The plaintiff took this to the U. S. Supreme Court, which was denied, as was his petition for rehearing.

38.   The plaintiff then filed "Plaintiff/Appellant's Motion to Vacate Judgments Pursuant to Rule 60(b), and Title 28 U.S.C. § 455" with the Appeals Court, set out here and attached as "Exhibit E".

39.   The Appeals Court construed the plaintiff's "motion as one seeking to recall the mandate", which was denied. See attached "Exhibit F".

40.   In the first place, there was no mandate to be recalled as to the plaintiff's claims pursuant to 28 U.S.C. § 455, as "An appellate Court's mandate controls all issues that were actually considered and decided by the appellate court". *Kashner v. Davidson Sec. Corp. v. Mscisz*, 601 F.3d 19, 24 (1st Cir. 2010); *NLRB v. Goodless Bros. Elec. Co.*, 285 F.3d 102, 107 (1st Cir. 2002). The Appeals Court in the instant case never adjudicated the issue on the merits, although it did cite *Krasner, supra.*

41.   Secondly, the Appeals Court ruled there were no "extraordinary circumstances", again citing *Krasner, supra.* What more extraordinary circumstances could there be than a federal court ruling that federal courts do not have jurisdiction to adjudicate Federal civil rights claims like 42 U.S.C. § 1983, or fail to apply mandated law to Federal statute causes of action like 28 U.S.C. § 455(a)? (Exhibit F.)

8.

42.   The plaintiff then brought yet another petition for a writ of certiorari, attached

as "Exhibit G", which was denied on April 16, 2018, along with a petition for

rehearing, which was denied on June 11, 2018, Docket No. 17-7919. "Exhibit H."

The Petition for Rehearing above set out the issue of the lower federal courts'

obstruction of justice necessitating U. S. Supreme Court intervention. It also set out

the fact that other attorneys were using this ill begotten District Court decision as an

*ad hominem* attack on the plaintiff. The case in point is set out as "Exhibit 1" in

"Exhibit H". The plaintiff had brought claims against his landlord for among other

things, Mass. Gen. L. Ch. 93A, defamation, and retaliation. "Pursuant to Rule

12(b)(6) of the Massachusetts Rules of Civil Procedure (the defendants) move to

dismiss the Plaintiffs' Complaint...Mr. DuLaurence has a history of pursuing

meritless claims, and using 'vitriolic language including personal attacks on the

judges who have decided his cases in the past'...*DuLaurence v. Telegan,* 94 F. Supp.

3d 73, 83 (D. Mass. 2015), a copy of which is attached as Exhibit A." "[I]nflamatory

attacks on the opposing advocate (have) no place in the administration of justice and

should neither be permitted nor rewarded; a trial judge should deal promptly with

any breach (of this rule)." *United States v. Young,* 470 U.S. 1, 9 (1985).

## ABSOLUTE IMMUNITY DOES NOT APPLY TO THE PERFORMANCE OR NON-PERFORMANCE OF MINISTERIAL ACTS, NOR CAN IT BE CLAIMED FOR CRIMINAL ACTS

43.   Ministerial duty refers to the official duty of a public officer wherein the officer

has no room for the exercise of discretion; the performance being required by direct

and positive command of the law. The defendant barred plaintiff federal court access.

9.

**Federal Jurisdiction Was Mandated; The Defendant Therefore Violated A Ministerial Duty, Unrelated To Any Merits Adjudication, And Is Therefore Subject To This Civil Action.**

44.  Both the District Court and the Appeals Court cited *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.* 544 U.S. 280 (2005), as support for their rulings, that because of the *Rooker-Feldman* doctrine, DuLaurence was precluded from pursuing his Federal claims, which included 42 U.S.C. § 1983. Federal law has created the 42 U.S.C. § 1983 right of action, with jurisdiction conferred to the district courts pursuant to 28 U.S.C. § 1343(a)(3). These Federal statutes explicitly authorize a private remedy to address claims for deprivation of the right to redress "under color of any state law...secured by the Constitution of the United States or by any act of Congress providing for equal rights of its citizens..." When Federal law creates a claim and rules of decision governing it, federal jurisdiction exists. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740, 748-749 (2012). Further, a federal case arises under the Constitution for the purposes of 28 U.S.C. § 1331, supporting federal jurisdiction of the district courts, for causes of action created by federal statutes which explicitly authorize plaintiffs to enforce the rights created. *Grable and Sons Metal Products v. Darue Engineering,* 545 U. S. 308, 312 (2005).

*Zinermon v. Burch,* 494 U.S. 113 (1990), dealt with 42.U.S.C. § 1983, whether State action violated the plaintiff's due process rights. The Court stated:

> "[I]n many cases there is 'no quarrel with the state laws on the books', instead the problem the way those laws are or are not implemented by state officials"...[T]he Due Process Clause contains a substantive component that bars certain arbitrary wrongful government actions 'regardless of the fairness

10.

of the procedures used to implement them'…[T]he constitutional violation actionable under Sec. 1983 is complete when the wrongful action is taken. (Citations omitted.)…The Due Process Clause also encompasses…a guarantee of fair procedure. A Sec. 1983 action may be brought for a violation of procedural due process (where) the existence of state remedies is relevant in a special sense. In procedural due process claims, the deprivation by state action of a constitutionally protected interest …is not itself unconstitutional, what is unconstitutional is the deprivation of such interest without due process of law…The constitutional violation actionable under Sec. 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. (Citations omitted.) Id. at 125-126.

The Court further stated:

Section 1983 was intended not only to 'override' discriminatory or otherwise unconstitutional state laws… but also to provide a federal remedy 'where the state remedy, though adequate in theory, was not available in practice'… 'It is no answer that the State has a law which, if enforced, would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be sought and refused before the federal one is invoked'. Thus, overlapping state remedies are generally irrelevant to the question of the existence of a cause of action under Sec. 1983. (Citations omitted.) Id. at 124.

42 U.S.C. § 1983 provides one redress for a violation of law "secured by the Constitution and laws of the United States…,and that the alleged deprivation was committed by a person acting under color of state law". *West v. Atkins,* 487 U.S. 42, 48 (1988). As stated in *Hart v. Massanari,* 266 F.3d 1155 (9th Cir. 2001): "A decision of the Supreme Court will control that corner of the law". Id. at 1171. The Supreme Court has ruled it is Its responsibility to establish law, and it is the responsibility of the inferior courts to follow it. *James v. City of Boise, Idaho,* 577 U.S. ___, 136 S. Ct. 685, 686 (2016) (per curiam).

11.

## 28 U.S.C. § 455(a) Recusal Is Mandated, So Is A Ministerial Function; It Evidences the Defendant's Intentional Perpetration of Criminal Acts

45.   The defendant not only failed to correctly address "jurisdiction", but failed to recuse

himself as mandated by 28 U.S.C. § 455(a).

> Disqualification [of a judge] is required if an objective observer
> would entertain reasonable questions about the judge's
> impartiality. If a judge's attitude or state of mind leads a
> detached observer to conclude that a fair and impartial hearing
> is unlikely, the judge must be disqualified. *Liteky v. U.S.*, 114
> S. Ct. 1147, 1162 (1994).

An appearance of partiality can stem from a possibility of misinterpretation based on an

ambiguity of a judge's statements. *In re Boston's Children First*, 244 F.3d 164, 170 (1st

Cir. 2001). Positive proof is not required; what really matters is the appearance of bias or

prejudice. *Liljberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S. Ct. 2194

(1988); *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir. 1985); 28 U.S.C. Sec. 455(a).

'Should a judge not disqualify him or herself, then the judge is in violation of the Due

Process Clause of the U.S. Constitution'. *United States v. Sciuto*, 531 F.2d 842, 845 (7th

Cir. 1976). Further, the Court stated: "The right to a tribunal free from bias or prejudice is

based, not on section 144 [of Title 28 U.S.C.], but on the Due Process Clause..." Id.

46.   Canon 3 of the Code of Conduct for United States Judges addresses recusals.

Canon 3 of the ABA Code provides in part:

B. Adjudicative Responsibilities.

(1)   A judge shall hear matters assigned to the judge except those in
which disqualification is required.

(2)   A judge shall be faithful to the law and maintain professional
confidence in it.

12.

> Commentary: A judge must perform judicial duties impartially and
> fairly. A judge who manifests bias on any basis in a proceeding impairs
> the fairness of the proceeding, and brings the judiciary into disrepute.

Flamm, Judicial Disqualification, *Recusal and Disqualification of Judges,* 2d ed. (2016), at 1032-1033.

47.   The Court in U.S. Chantal, 902 F.2d 1018 (1st cir. 1990), stated:

> [Section] 455(a) is automatic, mandatory, and self-executing. The
> adoption of ABA Canon 3 C was a response to criticism of the
> inadequacy of the § 144 approach...It attacks the appearance of bias,
> not bias in fact...[I]n the First Circuit, § 455(a) is an independent
> basis for mandatory disqualification which requires no determination
> in fact. Nor does the fact that the source of the judge's bias arises out
> of or originates in judicial proceedings immunize the judge from the
> inquiry whether such factor would, in the mind of a reasonable
> person, raise a question about the judge's impartiality. Id. at 1023-1024.

This Court further stated: "The rationality for [28 U.S.C. § 455(a)] was 'to foster public confidence in the judicial system' by requiring disqualification based on 'a reasonable factual basis for doubting the judge's impartiality'". (citations omitted.) Id. at 1022.

"It is axiomatic that 'a fair trial in a fair tribunal is a basic requirement of due process'". *Caperton v. A.T. Massey Coal Co.,* 129 S. Ct. 2252, 2259, 173 L. Ed. 1208 (2009). Claims for relief must be allowed when justice so requires. *Johnson v. City of Shelby, Miss.,* 135 S. Ct. 346 (2014) (per curiam). The U. S. Supreme Court in *James v. City of Boise, Idaho,* 136 S. Ct. 685 (2016) (per curiam), ruled:

> Section [1983] is a federal statute. 'It is this Court's responsibility
> to say what a federal statute means, and once the Court has spoken, it
> is the duty of other courts to respect that understanding of the
> governing rule of law'". (citation omitted.) Id. at 686.

48.   **The Language Used in the Defendant's Order of Dismissal Mandates Bias.**

(1).   The defendant stated in his Order of Dismissal: "DuLaurence also makes repeated

13.

allegations about unethical, criminal, and illegal conduct by the judges...Amend. Comp. ¶¶ 115-32." (Exhibit B, pg. 13.) The defendant was clearly biased by the plaintiff's 42 U.S.C. § 1983 allegations for failure of the state courts to provide him with procedural Due Process, one of his Civil Rights claims. It was obvious that the defendant did not believe Civil Rights plaintiffs should make Federal statute claims against judges. He stated in spite of Exhibit I: "His filing of the state court collateral action demonstrates his obdurate and heedless inclination to continue challenging, *without good reason and without a procedurally valid mechanism for doing so,* the judgment in the employment action, despite a final and valid judgment" (Emphasis added.) (Exhibit B, pg. 22.)

(2). The defendant urged that the case should be sent back to the state courts to sanction the plaintiff for bringing his Federal Civil Rights 42 U.S.C. § 1983 claim: **"For that exercise he faces state court sanctions"**. (Emphasis added.) (Exhibit B, pg. 22.)

(3)  Following his first attack on the plaintiff as set out above in (1), the defendant further referred to the plaintiff's lack of procedural due process claims: "DuLaurence's vitriolic language in this action, including personal attacks on the judges who have decided his cases in the past..." (Exhibit B, pg. 22.) These admonishments were made not once, but twice.

(4).  The defendant next attempted to intimidate the petitioner, knowing that to file an appeal from his decision, he would have to file it before him. He stated: "Further litigation on these matters in this court, however, will likely result in severe consequences..." (Exhibit B, pg. 23.)

Further, the defendant's statements support the plaintiff's 42 U.S.C. § 1983 claims.

14.

Judicial "misconduct" must be addressed to protect the integrity of the judicial system. The defendant in his decision has shut down accountability for those legally responsible for the preclusion of the plaintiff's Constitutional rights. Judges must do their job to maintain judicial system integrity.

## Criminal Acts by the Defendant Prevent Him from Claiming Immunity

49. The plaintiff claims 18 U.S.C. § 371 as a cause of action, as it encompasses "conspiracy" to commit a criminal act. This U.S. Supreme Court has ruled:

> [A] collective criminal agreement-[a] partnership in crime-
> presents a greater potential threat to the public than
> individual (acts). Concerted action both increases the
> likelihood that the criminal object will be successfully
> attained and decreases the probability that the individuals
> involved will depart from their path of criminality. *Iannelli*
> *v. United States*, 420 U.S. 770, 778 (1975).

The plaintiff alleges that all decisions were not incompetent rulings, but purposely, maliciously perpetrated, preventing him from a 'full, fair, impartial administration of justice'. The Appeals Court participated to cut off his avenues of redress. (Exhibits D-F.)

18 U.S.C. § 242, Deprivation of rights under color of law, provides in part:

> Whoever, under color of law, statute, ordinance, statute,
> regulation, or custom, subjects any person in any State,
> Territory, Commonwealth, Possession, or District to the
> deprivation of any rights, privileges, or immunities
> secured or protected by the Constitution or laws of the
> United States...shall be fined under this title or imprisoned...

Also, 42 U.S.C. § 1983, deprivation of rights "under color of law", is claimed by the plaintiff under *Bivens, infra*, at ¶ 57. The defendant engaged in criminal acts in violation of Federal criminal statutes, conduct constituting one or more grounds for impeachment under Article II of the Constitution.

15.

### Obstruction of Justice Allows For Impeachment of the Defendant

The Judicial Council of the Fifth Circuit, Docket No. 07-05-351-0086; IN RE:

Samuel B. Kent, United States District Judge (May 27, 2009), ruled: "Samuel B. Kent

[is] guilty [of] obstruction of justice in violation of 18 U.S.C. sec. 1512(c)(2)…and has

engaged in conduct which constitutes one or more grounds for impeachment under

Article II of the Constitution…Id. Not only should the defendant have disqualified

himself, but because he did not do so, he is subject to be impeached. An INDICTMENT

(2012) brought by the UNITED STATES OF AMERICA, in the United States District

Court, Eastern District of New York, F. #2012R01702/OCETF #NYNYE638, stated:

> COUNT ONE (Conspiracy to Obstruct Justice)…[T]he defendants…
> together with others, did knowingly, intentionally, and corruptly
> conspire to obstruct, influence and impede an official proceeding…
> contrary to Title 18, United States Code, Section 1512 (c) (2). (Title
> 18, United States Code, Sections 1512 (k), 3238 and 3551 et seq. )
> COUNT TWO (Obstruction of Justice)…[T]he defendants…together
> with others, did knowingly, intentionally and corruptly obstruct,
> influence and impede an official proceeding…(Title 18, United States
> Code, Sections 1512 (c) (2), 3238, 2 and 3551 et seq.)

Further, because of their lack of jurisdiction, they are personally subject to civil

liability in an action brought in the Federal Court. "Lack of jurisdiction" means an entire

absence of power to hear or determine a case, the absence of authority over the subject

matter or the parties. *People v. Medina*, 89 Cal. Rptr.3d 830, 171 Cal. App.4th 805, as

modified, and rehearing denied, and review denied (Cal. App. 1 Dist. 2009). The Appeals

Court, like the District Court, also illegally barred the plaintiff from bringing his Federal

statutory causes of action into the federal courts, and it would not address the plaintiff's

28 U.S.C. § 455(a) appeal on the merits. (Exhibits D-F.)

16.

## Obstruction Of Justice Denies the Defendant Immunity

50. Article III, Section 2, Clause 1 states: "The judicial Power shall extend to all cases in Law and Equity, arising under the Constitution, (and} the Laws of the United States... The plaintiff claims he was deprived of rights secured by the United States Constitution and Federal statutes, namely the right to redress. Federal obstruction of justice statutes bar *anyone* from interfering with law enforcement based on a "corrupt" motive. No person is above the law. See, e.g., United States v. Nixon, 418 U.S. 683, 715 (1974). The defendant wrongfully obstructed the plaintiff's access to his Federal statute claims.

"Waiver" involves a litigant's Constitutional rights. Only a litigant can waive his or her Constitutional rights, not the court. If a court waives a litigant's Constitutional rights, the waiver is considered a "contumacious action...directed against the roots of our system of federalism". *In re Asbestos Sch. Litig.*, No. 82-0268, 1988 U.S. Dist. LEXIS 11480, at 32-33 (E.D. Pa. Oct. 7, 1988). The crime of obstruction occurs when an individual "corruptly" endeavors to impede a proceeding, and the word "corruptly" is understood to mean "with an improper purpose". Article III of the Constitution and the Code of Conduct for United States Judges obligates judges to take care that the laws be faithfully executed.  (Article III Section 2.)

## "Judicial Misconduct" Denies the Defendant Immunity

Judicial misconduct and corruption can take subtle and destructive forms. When he or she does these things intentionally (motivation is a separate issue), he or she commits a crime. Restatement (Second) of Torts § 682 (1977), provides:

> One who uses a legal process, whether criminal or civil, against
> another primarily to accomplish a purpose for which it is not

17.

designed, is subject to liability to the other for harm caused
by the abuse of process.

28 U.S.C. § 352(b)(A)(ii)

51.  Some of the plaintiff's allegations attack the propriety of arriving at rulings,

based on illicit or improper motives. This is part of the basis underlying the "Rules

For Judicial-Conduct and Judicial Disability Proceedings", 28 U.S.C. §§ 351-364; in

particular, 28 U.S.C. § 352(b)(1)(A)(ii), Article I, 3(h), "(Judicial) Misconduct":

Article I. General Provisions

1.  Scope:

These rules govern proceedings under the Judicial
Conduct and Disability Act, 28 U.S.C. §§ 351-354
(the Act), to determine whether a covered judge has
engaged in conduct prejudicial to the effective and
expeditious administration of the business of the courts...

3(h) Misconduct. Cognizable misconduct.

(1)      is conduct prejudicial to the effective and
expeditious administration of the business of the courts.

Commentary on Rule 3

Rule 3 is derived and adapted from the Breyer
Committee Report and the Illustrative Rules...
Rule 3(h)(3)(A) tracks the Act, 28 U.S.C. §
352(b)(1)(A)(ii)in excluding from the definition of
misconduct allegations '[d]irectly related to the merits
of a decision or procedural ruling'. This exclusion
preserves the independence of judges in the exercise
of judicial power by ensuring the complaint procedure
is not used to collaterally attack the substance of a
judge's ruling. Any allegation that calls into question
the correctness of an official action of a judge—
without more—is merits related. The phrase 'decision
or procedural ruling' is not limited to rulings issued
in deciding Article III cases or controversies.

18.

**52.  The Defendant is Subject to a Complaint Being Filed Against Him for His Illegal Actions.**

Justice Stephen Breyer in his September, 2006, *Implementation of the Judicial Conduct and Disability Act of 1980-A Report to the Chief Justice,* stated:

> The Judicial Conduct and Disability Act authorizes any person to file a complaint alleging that a federal judge has engaged in conduct "prejudicial to the effective and expeditious administration of the courts"...The federal judiciary, like all institutions, will sometimes suffer instances of misconduct...[A] system that relies for investigation soley upon judges themselves risks a kind of undue "guild favoritism" through inappropriate sympathy with the judge's point of view or de-emphasis of the misconduct problem. Id. at page 1.

On its face, the defendant's ruling (Exhibit B) demonstrates a bias against the plaintiff's claims of lack of procedural due process, 42 U.S.C. § 1983. The plaintiff appealed the defendant's ruling that he lacked Federal jurisdiction to decide claims based on Federal statutes, plus the defendant's mandated failure to recuse himself pursuant to 28 U.S.C. § 455(a). These were denied (see ¶¶ 36-41). Not only does this support the above "guild favoritism", but as to the Appeals Court's action taken on Exhibits E and F: "[D]enying a motion to vacate a void judgment is a *per se* abuse of discretion". *Burrell v. Henderson, et al,* 434 F.3d 826, 831 (6th Cir. 2006).

53.  A judgment is void and must be vacated if "the court that rendered the judgment acted in a manner inconsistent with due process of law". *United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply,* 55 F.3d 1311, 1316 (7th Cir. 1995); and where a "court's action amounts to a plain usurpation of power constituting a violation of due process". *U.S. v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 661 (1st Cir. 1990). A Rule 60(b)(4) motion was filed and denied. (Exhibit F.)

54. The plaintiff has claimed lack of "procedural due process" as set out in the United States Supreme Court's *Zinermon v. Burch,* 494 U.S. 113, 125-126 (1990), the deprivation of his Constitutional right to redress. (See ¶ 44 above.)

In addition to protection against procedural due process, the Due Process Clause has two substantive components—the substantive due process simpliciter, and incorporated substantive due process. To state a claim for violation of the substantive due process simpliciter, a plaintiff must demonstrate that there was conduct that was "arbitrary, or conscience shocking, in a constitutional sense". *Collins v. City of Harker Heights, Texas,* 503 U.S. 115, 128 (1992). This would pertain to the lower federal courts' rulings, both as to "jurisdiction", and to 28 U.S.C. § 455(a). All United States Supreme Court cases are in agreement. The plaintiff alleges judicial misconduct, acts by the defendant "so obviously wrong in the light of preexisting law that only [someone] plainly incompetent or one who was knowingly violating the law would have done such a thing". *Lassiter v. Alabama A & M University Board of Trustees,* 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). "Fraud upon the court is fraud which is directed to the judicial machinery itself." *Bulloch v. United States,* 763 F.2d 115, 1121 (10th Cir. 1985); 42 U.S.C. § 1983.

With respect to incorporated substantive due process, a plaintiff may state a claim by proving a violation of one of the Bill of Rights, like the Constitutional right to redress. The United States Supreme Court has held that one of the substantive elements of the Due Process Clause protects those rights that are fundamental—rights that are implicit in the concept of ordered liberty, and has, over time, held that virtually all of the Bill of Rights protect such fundamental rights.

### The United States Constitution Establishes and Empowers the
### Judicial Branch of the National Government.

55.  Article III of the United States Constitution establishes and empowers the judicial branch of the National Government: "The judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts *as the Congress* may from time to time ordain and establish" (Emphasis added.). Article I Section 8 deals with The Powers of Congress. Congress, in establishing the powers, certainly did not foresee a judge successfully hijacking democracy, like the defendant has.

"The Title of Nobility Clause" is a provision of Article I, Sec. 9, Clause 8 of the U.S. Constitution that prohibits the federal government from granting titles of nobility: "No title of nobility shall be granted by the United States". Therefore, as it is Congress that grants the powers of the lower federal courts, it is also limited by other Constitutional provisions, such as "The Title of Nobility Clause". Although the District Court Judge defendant may have the title of "judge", the way it has been construed in the underlying case is that he is a "god" or "king", as he has his own domain, and is not subject to any accountability. He is in reality a "judge aka king". Not only have the federal courts refused to address or control the illegal actions which are prescribed by Federal statutes, but they have failed to adhere to the rule of law set out in every United States Supreme Court decision on the issues.

### The Defendant's Illegal Opinion, Exhibit B, Have Allowed for
### *Ad Hominem* Attacks on the Plaintiff.

56.   There have now been *ad hominem* attacks based on the defendant's illegal decisions. Exhibit B has been used in a completely unrelated case. See ¶ 43 above.

21.

**DULAURENCE CAN MAINTAIN A PRIVATE RIGHT OF ACTION FOR MONETARY DAMAGES AGAINST JUDGE WOODLOCK PURSUANT TO *BIVENS V. SIX UNKNOWN NAMED AGENTS*, 403 U.S. 388 (1971).**

57.   This constitutional tort case holds that there is an implied right of action for monetary damages against any federal official who has violated a plaintiff's Constitutional rights, where no other remedy is available. See above at ¶ 2 of this Complaint. This is similar in theory to Title 28 U.S.C. § 1651(a), U.S. Supreme Court Rule 20.1, which states in part, "that adequate relief cannot be obtained in any other form or from any other court". Similar to a 42 U.S.C. § 1983 claim, a *Bivens* claim is a sort of backup cause of action that will provide a legal remedy if no other exists. However, unlike Sec. 1983 claims, which cannot be used against federal officers, that is the *Bivens* claim's exclusive purpose. It is clear from the above paragraphs in this Complaint, the plaintiff has not been afforded any avenue of relief from the defendant's Exhibit B Opinion, by either the Appeals Court (Exhibits D and F), or the U. S. Supreme Court (Exhibits G and H). The U. S. Supreme Court in *Zinermon v. Burch*, 494 U. S. 113, at 124-126 (1990), sets out the proposition to allow for liability when although there may be a remedy "adequate in theory, [it] was not available in practice". Id. at 124. See ¶ 44 above.

Further, the plaintiff has a cause of action pursuant to Article I, Sec. 9, Clause 8 of the U. S. Constitution, "The Title of Nobility Clause". See ¶¶ 2, and 55 above. Congress is responsible for establishing the inferior courts. But Congress must do so in conformance with that set out in the Constitution. Congress cannot set out "judges" that are given their own domain, like a "king", anointed with absolute immunity.

22.

### The Ninth Amendment to the U. S. Constitution Affords
### the Plaintiff Rights Against the Defendant.

58.  Congress at the time of setting out powers of the inferior courts, had the

availability of the Ninth Amendment to the Constitution, which addressed rights

retained by the people which are not specifically enumerated in the Constitution. It is

part of the Bill of Rights. Neither the Appeals Court nor the U. S. Supreme Court

would address the alleged Constitutional and criminal violations, although they were

before them. (Exhibits D-H.) The plaintiff was not even able to file a suit under

*Bivens* until his remedies had been exhausted, so he could claim in his "Statement of

Verification" that 'no other remedy was provided', as it was only on June 11, 2018,

that the U. S. Supreme Court denied his writ of certiorari requesting that Court to

address the defendant's criminal and unconstitutional acts. (Exhibit H.) The plaintiff

certainly has had no avenue of relief when judges will not address the defendant's

criminal acts and other acts of "judicial misconduct", or Federal statutes

### Both Intentional and Negligent Infliction of Emotional Distress

59.  The plaintiff hereby re-alleges and incorporates by reference, as if fully set forth

and restated herein, paragraphs 1-58 set out above.

60.  The defendant, both individually and in concert with the Appeals Court, caused

emotional distress to the plaintiff.

61.  As a direct and a foreseeable consequence thereof, the plaintiff suffered physical

and emotional distress, damage to his reputation, medical expenses, attorney's fees

and costs, and other financial and non-financial losses.

23.

**WHEREFORE,** the plaintiff requests this Court:

a.   Enter judgment for the plaintiff;

b.   Award the plaintiff compensatory damages against the defendant;

c.   Award the plaintiff damages for emotional distress caused by the defendant's actions;

d.   Award the plaintiff punitive and exemplary damages against the defendant;

e.   Award the plaintiff the financial sanctions caused by the plaintiff having to address *ad hominem* attacks based on the defendant's Opinion, Exhibit B;

f.   Award the plaintiff attorneys' fees against the defendant;

g.   Award the plaintiff both the damage amounts and liability judgment he could have been awarded from his Federal Civil Rights lawsuit (Exhibit A) had he not been barred by the defendant from entering the federal courts to pursue his Federal statutory claims;

h.   Award the plaintiff costs, interest, and other further relief as the Court deems just and proper;

i.   Report the defendant, Judge Douglas P. Woodlock, for his 18 U.S.C. § 242 criminal acts, violations of Canon 3 of the Code of Conduct for United States Judges, and "judicial misconduct" as set out in 28 U.S.C. §§ 351-364 (¶ 51) and U. S. Supreme Court Justice Stephen Breyer's Report to the Chief Justice (¶ 52).

THE PLAINTIFF, HENRY J. DULAURENCE, III, CLAIMS A
TRIAL BY JURY

24.

Respectfully submitted,

Henry J. DuLaurence, III
*Plaintiff*
190 Bridge Street, #5308
Salem, MA  01970
(978) 740-0098
Massachusetts BBO# 137660

**Statement of Verification**

The undersigned declares under penalty of perjury that he is the plaintiff in the

above entitled action, that he has read the above complaint, and that the information

contained therein is true and correct. 28 U.S.C. § 1746.

Executed at 190 Bridge Street, #5308, Salem, MA  01970, on June 26, 2018.

Henry J. DuLaurence, III

DATED:  June 26, 2018.

25.